MICHELLE R. GHIDOTTI (27180)
THE LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
mghidotti@ghidottilaw.com

Attorney for Creditor
Partners for Payment Relief DE II, LLC

# IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA – PHOENIX DIVISION

| | |
|---|---|
| In re: | **CASE NO.: 2:16-bk-08714-PS** |
| Joe & Frances Delgado | **Chapter 13** |
| Debtors. | |
| Partners for Payment Relief DE II LLC | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| Movant, | Re: Real property located at 5828 W Redfield Road, Glendale AZ 85306 |

Partners for Payment Relief DE II LLC its successors and/or assignees, by and through its undersigned attorney, moves for termination of all stays and injunctions, and abandonment of estate property, pursuant to 11 U.S.C. §§ 362(d), 554(b) and 105, Federal Rules of Bankruptcy Procedure 4001, 6007 and 9014 and Local Rules of Bankruptcy Procedure 4001 and 6007 regarding the real property general described as 5828 W Redfield Road, Glendale AZ 85306 ("Property").

////

////

////

The relief requested in this Motion is proper for all of the reasons set forth in the Memorandum of Points and Authorities attached hereto and incorporated herein by this reference.

THE LAW OFFICE OF MICHELLE GHIDOTTI

Dated: June 29, 2018      By:      /s/ Michelle R. Ghidotti, Esq.
MICHELLE R. GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Attorneys for Movant

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On or about July 28, 2016, Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code. Pursuant to 11 U.S.C. §362, the Petition stays the commencement or continuation of any proceedings against the Debtor or any act to obtain possession of any property of the Debtor or to enforce any lien against any property of the Debtor.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

3. Pursuant to Local Bankruptcy Code 4001(b), Movant sent notice to the Debtor's counsel.

4. On or about November 4th, 2005, Homecomings Financial Network. entered into a contract with Joe and Frances Delgado ("Borrowers") wherein Borrowers agreed to pay the amount of $232.41, or more, on or before the first day of every month, beginning on or about January 1, 2006. The obligation is evidenced by a Note and secured by a Deed of Trust. **See Exhibit "B" and Exhibit "A"** respectively. The note is a copy of the promissory note. On or about April 24th 2009 Borrowers and Homecomings Financial entered into a loan modification agreement which altered the loan terms. **See Exhibit "D"**.

5. The Deed of Trust was timely and duly recorded and perfected in accordance with ARIZONA law as Instrument No. 2001706877 in the office of the Maricopa County Recorder.

6. Partners for Payment Relief DE II, LLC is now the holder of the Note that is secured by the Deed of Trust and is the real party in interest. **See Exhibit "C"**.

7. The entity has the right to foreclose in the name of Partners for Payment Relief DE II LLC.

8. The original principal amount of the Note was $23,200.00, plus interest, costs and attorneys' fees for collection. Currently, but for the defaults in acceleration, the monthly payment

pursuant to the confirmed Ch 13 Plan would be $129.82.

9. The Debtor has failed to make monthly payments, beginning with the month of 10/1/2016, and all subsequent payments, costs, and interest. Debtor has been in default for 18 months.

10. As of March 1, 2018, the amount required to fully reinstate the Debtor's loan post-petition is approximately $20,286.79, itemized as follows:

POST-PETITION DELINQUENCIES:

| | | | | |
|---|---|---|---|---|
| Monthly Payments: | 23 | at | $129.82 | $2985.86 |
| Late Charges | | | | $434.83 |
| Total Post-petition Delinquencies: | | | | $3,420.69 |

11. The next scheduled payment of $129.82 is due 7/1/2018, and continuing each month thereafter. However, this amount may be subject to change pursuant to the terms of the applicable loan documents.

12. As of June 5, 2018, the approximate total amount owing on the Note secured by the Deed of Trust is $21,531.94.

13. Movant has performed all of its obligations required under the Note and Deed of Trust, and all conditions precedent to the Debtor's performance there under have occurred.

## **MOVANT IS NOT RECEIVING ADEQUATE PROTECTION**

14. Pursuant to 11 U.S.C. §362 subd. (d)(1), Movant is entitled to relief from the automatic stay to enforce its lien for cause, including lack of adequate protection of an interest in the Property. Movant is entitled to adequate protection for the present value of the collateral in the form of monthly payments.

15. The Moving Party further seeks relief in order to, at its option, offer, provide and enter into any potential forbearances agreement, loan modification, refinance agreement or other loan

workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

16. Failure to make post-petition mortgage payments can constitute cause for lifting the stay. The debtor has the burden of showing there is not cause to terminate the stay. <u>In re Ellis</u>, 60 B.R. 432 (9th Cir. BAP 1985). Where cause is shown, courts have no discretion, but <u>must</u> grant relief. <u>In re Ford</u>, 36 B.R. 501 (Dt 1983). Movant has not been provided adequate protection, inasmuch as monthly payments have been in default since August 1, 2016, as more fully set forth in paragraph 12.

17. Movant is not adequately protected. Movant is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. §362(d)(1).

18. No foreclosure action has been commenced as of this date against the property.

19. Movant sent notice as required by Local Rule 4001-1(b).

## **CONCLUSION**

1. Movant's claim is in default and unpaid by Debtor.

2. Movant's only form of redress is to look to the secured property.

3. Costs, attorneys' fees and interest continue to mount on Movant's claim, thus completely eroding any and all equity that may be claimed by Respondent.

4. This Property is not required for any reorganization.

5. Movant is not adequately protected.

6. Movant is a secured creditor who is at dangerous peril of becoming undersecured as a result of the stays which enjoin Movant from foreclosing its lien. Therefore, pursuant to 11 U.S.C. §362(d)(2), this Motion should be

5
2:16-bk-08714-PS
Motion for Relief from the Automatic Stay
Case 2:16-bk-08714-PS   Doc 26   Filed 07/20/18   Entered 07/20/18 10:47:15   Desc
Main Document    Page 5 of 6

granted to avoid further erosion of Movant's secured lien position.

**REQUEST FOR RELIEF**

WHEREFORE, Movant requests that the Court enter its Order granting the following relief:

A. Terminating all stays and injunctions including, but not limited to, the automatic stays under Bankruptcy Code §362(a)(2) and 105 with respect to the Property which is described herein as to the Movant only;

B. The Property is hereby deemed abandoned from the Debtor's bankruptcy estate, and therefore, the Property is no longer property of the bankruptcy estate;

C. That Movant may offer loss mitigation alternatives to the Debtor by telephone and/or written correspondence;

D. That the stay under FRBP 4001(a)(3) be waived.

E. If relief from the automatic stay is not granted, Movant requests that an order of adequate protection be entered.

F. For such other relief as the Court deems just and equitable.

THE LAW OFFICE OF MICHELLE GHIDOTTI

Dated: June 29, 2018    By:    /s/ Michelle R. Ghidotti, Esq.
MICHELLE R. GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Attorneys for Movant