```
                                 United States Bankruptcy Court
                                       District of Arizona
In re:                                                                    Case No. 16-08714-PS
JOE A DELGADO
FRANCES M DELGADO                                                         Chapter 13
       Debtors                          CERTIFICATE OF NOTICE
District/off: 0970-2        User: stroude                 Page 1 of 3          Date Rcvd: Dec 17, 2018
                            Form ID: pdf010               Total Noticed: 63


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 19, 2018.
db/jdb         +JOE A DELGADO,    FRANCES M DELGADO,    5828 WEST REDFIELD ROAD,     GLENDALE, AZ 85306-4615
aty            +MARK D ESTLE,    Buckley Madole, P.C.,    7227 N 16TH ST #124,    PHOENIX, AZ 85020-5256
cr             +DEUTSCHE BANK NATIONAL TRUST COMPANY,    14841 Dallas Parkway, Suite 300,
                 Dallas, TX 75254-7883
cr             +DEUTSCHE BANK TRUST COMPANY AMERICAS,    14841 Dallas Parkway, Suite 425,
                 Dallas, TX 75254-8067
cr             +DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee f,    C/O Buckley Madole, P.C.,
                 12526 High Bluff Drive, Suite 238,    San Diego, CA 92130-2066
cr             +Partners for Payment Relief DE II, LLC,    The Law Offices of Michelle Ghidotti,
                 1920 Old Tustin Avenue,    Santa Ana, CA 92705-7811
14175809       +Acs/college Loan Corp,    501 Bleecker St,    Utica NY 13501-2401
14175810       +AmeriCredit/GM Financial,    Po Box 183583,    Arlington TX 76096-3583
14175814       +Bank of America,    P.O. Box 17054,    Wilmington DE 19850-7054
14175815        Banner Health Patient Financial Services,     P.O. Box 29693,    Phoenix AZ 85038-9693
14175816       +Banner Thunderbird Medical Center,    P. O. Box 52645,    Phoenix AZ 85072-2645
14175821       +Cigna Medical Group,    P.O. Box 29848,    Phoenix AZ 85038-9848
14320196       +DEUTSCHE BNK TRUST CO. AMERICAS Trustee (See 410),     c/o Nationstar Mortgage LLC,
                 PO Box 619096,    Dallas, Texas 75261-9096
14328045        Department Store National Bank,    c/o Quantum3 Group LLC,    PO Box 657,
                 Kirkland, WA 98083-0657
14175824       +Dept Of Ed/Aspire Resourses Inc,    6775 Vista Dr,    West Des Moines IA 50266-9305
14175825       +Dept of Ed/Navient,    Claims Dept,    Po Box 9400,    Wilkes-Barr PA 18773-9400
14175826       +Edmanage,    Po Box 91388,    Raleigh NC 27675-1388
14175827       +Enhance Recovery Co.,    P.O. Box 1259,    Dept 98696,    Oaks PA 19456-1259
14175828        FCI Lender Services,    P.O. Box 27370,    Anaheim CA 92809-0112
14175830       +Ksaservicing,    Po Box 90759,    Raleigh NC 27675-0759
14175832      ++MARISOL FEDERAL CREDIT UNION,    PO BOX 20525,    PHOENIX AZ 85036-0525
                (address filed with court: Marisol Fcu,     721 N 3rd St,    Phoenix AZ 85004)
14175836       +MTC Financial Inc,    17100 Gillette Avenue,    Irvine CA 92614-5603
14175831       +Macy's,    Attn: Bankruptcy Dept.,    PO Box 8053,    Mason OH 45040-8053
14175833       +Mayo Clinic Scottsdale,    PO Box 52557,    Phoenix AZ 85072-2557
14175835       +Mohela/Dept of Ed,    633 Spirit Dr,    Chesterfield MO 63005-1243
14175837       +Nationstar Mortgage,    P.O. Box 619098,    Dallas TX 75261-9098
14175839        North Valley Emergency Specialist,    P.O. Box 53026,    Phoenix AZ 85072-3026
14183096     +++Partners for Payment Relief DEII, LLC,    920 CASSATT ROAD,    SUITE 210,    BERWYN, PA 19312-1178
14175841       +Phoenix Municipal Court,    POB 25650,    Phoenix AZ 85002-5650
14175843       +Professional Services Bureau,    911 Lund Blvd #100,    Anoka MN 55303-2084
14175846       +Target,    C/O Financial & Retail Services,    Mailstop BT PO Box 9475,
                 Minneapolis MN 55440-9475
14175848       +US Dept of Education,    Attn: Bankruptcy,    Po Box 16448,    Saint Paul MN 55116-0448
14383128       +US Dept of Education/MOHELA,    633 Spirit Dr,    Chesterfield MO 63005-1243
14175847       +Us Dept Ed,    Po Box 1030,    Coraopolis PA 15108-6030
14175849       +Van Ru Credit Corporation,    1350 Touhy Ave Ste., 100 E,    Des Plaines IL 60018-3303
14175852       +Visa Dept Store National Bank,    Attn: Bankruptcy,    Po Box 8053,    Mason OH 45040-8053
14175853       +Wells Fargo Dealer Services,    Po Box 3569,    Rancho Cucamonga CA 91729-3569
14175855       +Wffinancial,    Attn: Bankruptcy,    Po Box 660041,    Dallas TX 75266-0041

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcynotices@azdor.gov Dec 18 2018 02:09:45      AZ DEPARTMENT OF REVENUE,
                 BANKRUPTCY & LITIGATION,    1600 W. MONROE, 7TH FL.,    PHOENIX, AZ 85007-2650
cr             +E-mail/PDF: acg.acg.ebn@americaninfosource.com Dec 18 2018 02:14:46
                 CAPITAL ONE AUTO FINANCE,    P.O. BOX 201347,    ARLINGTON, TX 76006-1347
14284586        E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Dec 18 2018 02:27:04
                 American InfoSource LP as agent for,    Verizon,    PO Box 248838,
                 Oklahoma City, OK 73124-8838
14175811       +E-mail/Text: bankruptcynotices@azdor.gov Dec 18 2018 02:09:45      Arizona Department of Revenue,
                 1600 West Monore,    Phoenix AZ 85007-2650
14175817       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 18 2018 02:13:40      Capital One,
                 Po Box 30285,    Salt Lake City UT 84130-0285
14175818       +E-mail/PDF: AIS.COAF.EBN@Americaninfosource.com Dec 18 2018 02:26:19
                 Capital One Auto Finance,    P.O. box 60511,    City of Industry CA 91716-0511
14847250       +E-mail/PDF: acg.acg.ebn@americaninfosource.com Dec 18 2018 02:14:45
                 Capital One Auto Finance c/o AIS Portfolio Service,    4515 N Santa Fe Ave. Dept. APS,
                 Oklahoma City, OK 73118-7901
14220512       +E-mail/PDF: acg.acg.ebn@americaninfosource.com Dec 18 2018 02:15:51
                 Capital One Auto Finance, c/o,    Ascension Capital Gr,    4515 N Santa Fe Ave. Dept. APS,
                 Oklahoma City, OK 73118-7901
14228744        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 18 2018 02:15:48
                 Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
14175819       +E-mail/Text: bmg.bankruptcy@centurylink.com Dec 18 2018 02:11:28      Century Link,
                 P.O. Box 29040,    Phoenix AZ 85038-9040
14175820       +E-mail/Text: compliance@chaserec.com Dec 18 2018 02:12:32      Chase Receivables,
                 1247 Broadway,    Sonoma CA 95476-7503
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
14175822       E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 18 2018 02:10:39      Comenity Bank/nwyrk&co,
                Po Box 18215,    Columbus OH 43218
14175823      +E-mail/PDF: creditonebknotifications@resurgent.com Dec 18 2018 02:14:50      Credit One Bank Na,
                Po Box 98873,    Las Vegas NV 89193-8873
14175829       E-mail/Text: cio.bncmail@irs.gov Dec 18 2018 02:10:18      Internal Revenue Service,
                P.O. Box 7346,    Philadelphia PA 19101-7346
14282826       E-mail/PDF: resurgentbknotifications@resurgent.com Dec 18 2018 02:26:23
                LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
                Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
14175834       E-mail/Text: bankruptcydpt@mcmcg.com Dec 18 2018 02:11:01      Midland Funding LLC,
                P.O. Box 60578,    Los Angeles CA 90060-0578
14175838       E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 18 2018 02:10:39      New York & Co.,
                P.O. Box 182124,    Columbus OH 43218-2124
14175842      +E-mail/Text: bk@wecollectit.com Dec 18 2018 02:11:56      Pif, Inc.,    Po Box 43228,
                Phoenix AZ 85080-3228
14247485       E-mail/Text: bnc-quantum@quantum3group.com Dec 18 2018 02:10:52
                Quantum3 Group LLC as agent for,    Comenity Bank,    PO Box 788,    Kirkland, WA  98083-0788
14175844      +E-mail/Text: correspondence@revsolve.com Dec 18 2018 02:12:47      RevSolve, Inc.,
                1395 North Hayden Road,    Scottsdale AZ 85257-3769
14175845      +E-mail/PDF: pa_dc_claims@navient.com Dec 18 2018 02:26:35      Sallie Mae,    Attn: Navient,
                Po Box 9500,    Wilkes-Barr PA 18773-9500
14334734      +E-mail/Text: bncmail@w-legal.com Dec 18 2018 02:11:32      TD Bank USA, N.A.,
                C O WEINSTEIN & RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
14175850      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Dec 18 2018 02:09:20
                Verizon,    500 Technology Dr,    Suite 500,    Weldon Spring MO 63304-2225
14175851       E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Dec 18 2018 02:09:20
                Verizon Wireless Customer Service,     P.O. Box 96082,    Bellevue WA 98009-9682
14175854      +E-mail/Text: kelly@westernamericanloan.com Dec 18 2018 02:11:16      Western American Loan,
                PO Box 1615,    Glendale AZ 85311-1615
                                                                                              TOTAL: 25

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +Capital One Auto Finance c/o AIS Portfolio Service,    4515 N Santa Fe Ave. Dept. APS,
                Oklahoma City, OK 73118-7901
14175807      ##+Aaron Sales & Lease Ow,    1015 Cobb Place Blvd Nw,    Kennesaw GA 30144-3672
14175808      ##+Aarons Sales $ Lease,    309 E Paces Ferry Rd Ne,    Atlanta GA 30305-2367
14175812      ##+Aurora Loan Services,    Attn: Bankruptcy,    10350 Park Meadows Dr,    Littleton CO 80124-6800
14175813      ##+Bank Of America,    Nc4-105-03-14,    Po Box 26012,    Greensboro NC 27420-6012
14175840       ##Ocwen Loan Servicing,    P.O. Box 6440,    Carol Stream IL 60197-6440
                                                                                       TOTALS: 0, * 1, ## 5
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '+++' were transmitted to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(e).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 19, 2018                                     Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0970-2           User: stroude              Page 3 of 3                   Date Rcvd: Dec 17, 2018
                               Form ID: pdf010            Total Noticed: 63
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 14, 2018 at the address(es) listed below:
              EDWARD J. MANEY    courtecf@maney13trustee.com
              LEONARD V. SOMINSKY    on behalf of Joint Debtor FRANCES M DELGADO INFO@LVSLAW.NET,
               r49357@notify.bestcase.com
              LEONARD V. SOMINSKY    on behalf of Debtor JOE A DELGADO INFO@LVSLAW.NET,
               r49357@notify.bestcase.com
              MICHELLE RENE GHIDOTTI-GONSALVES    on behalf of Creditor    Partners for Payment Relief DE II, LLC
               ECFNotifications@ghidottilaw.com
              U.S. TRUSTEE    USTPRegion14.PX.ECF@USDOJ.GOV
                                                                                             TOTAL: 5

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re
**Joe A Delgado**
**Frances M Delgado**

Debtor(s).

Case No. **2:16-bk-08714**

**CHAPTER 13 PLAN**

☐ Original
■ Amended  First Modified Plan
☐ Modified
☐ Payments include post-petition mortgage payments
■ Flat Fee/Administrative Expense
☐ Hourly Fee/Administrative Expense

This Plan[1] includes the following (check all that are applicable):

- ■ A limit on the amount of a secured claim, which may result in a partial payment or no payment to the secured creditor. See Section (C)(5)(b).
- ☐ Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest. See Section (C)(5)(c).
- ☐ Nonstandard Provisions. See Section (H).

**Your rights may be affected by this Plan. Your claim may be reduced, modified or eliminated. If you object to the treatment of your claim as proposed in this Plan or to any provision of this Plan, you must file a written objection by the deadline set forth below. The Bankruptcy Court may confirm this Plan without further notice if no objection is filed and the order is approved by the Trustee. See Bankruptcy Rule 3015 and Local Rule 2084-13.**

This Chapter 13 Plan is proposed by the above Debtor[2]. The Debtor certifies that the information contained in this Plan is accurate. A creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan and serve copies on the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 14 days after the date set for the first meeting of creditors, or any continuation of such meeting, or 28 days after service of the Plan, whichever is later. See Local Rule 2084-9.
This Plan does not allow claims or alter the need for timely filing any claim. For a creditor to receive a distribution for an unsecured claim, the creditor must file a proof of claim with the Court.

If confirmed, the Plan will modify the rights and duties of the Debtor and creditors, except secured creditors will retain their liens until the earlier of payment of the underlying debt or Debtor's discharge under 11 U.S.C. § 1328[3]. If the case is dismissed or converted to another chapter (for example, Chapter 7) without completion of the Plan, each lien shall be retained to the extent recognized by applicable non-bankruptcy law.

Pre-petition defaults will be cured using the interest rate set forth in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

- ■ This is an Amended or Modified Plan.

The reason(s) why Debtor filed this Amended or Modified Plan:

   Pay the arrerage to the 2nd mortgage creditor through the Plan.

Summarize how the Plan varies from the last Plan filed:

**(A) Plan Payments and Property to be Submitted to the Trustee.**

---

[1] "Plan" includes the original plan and any amended or modified plan.
[2] If this is a joint case, then "Debtor" means both Debtors.
[3] "Code" means the United States Bankruptcy Code, 11 U.S.C. § 101 et. seq.

Plan payments start on . The Debtor shall pay the Trustee as follows:

$**1000** each month for month **1** through month **39**.
$**1470** each month for month **40** through month **60**.

The proposed plan duration is **60** months. The applicable commitment period is **60** months.
See Code § 1325(b)(4). In addition to plan payments and, if applicable, mortgage conduit payments, Debtor will submit the following property to the Trustee:

**(B) Trustee's Percentage Fee.** The Trustee shall collect upon receipt a percentage fee from all plan payments (including mortgage payments) and property received, not to exceed 10%.

**(C) Administrative Expenses and All Claims.**

   **(1)** Until the Court confirms the Plan the Trustee will make adequate protection payments under Section (C)(1)(a) below, mortgage conduit payments under Section (C)(1)(b), if applicable, and pay other sums as ordered by the Court. Other disbursements will be made after the Court confirms the Plan. Unless otherwise provided for in Section (H) below, disbursements by the Trustee shall be pro rata within classes and made in the following order:

   **(a)** *Adequate protection payments to creditors secured by personal property.*

   ☐ **None.** *If "None" is checked, the rest of Section (C)(1)(a) is not to be completed.*

Pursuant to Local Rule 2084-6, the Trustee is authorized to make monthly pre-confirmation adequate protection payments to a secured creditor without a Court order, provided the claim is properly listed on Schedule D, a secured proof of claim is filed that includes documentation evidencing a perfected security agreement, and the Debtor or creditor sends a letter to the Trustee requesting payment. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, adequate protection payments will continue until the claim is paid in full, <u>unless</u> the confirmed Plan or a Court order specifies a different treatment. If a creditor disagrees with the amount of the proposed adequate protection payments or the Plan fails to provide for such payments, the creditor may file an objection to confirmation of this Plan and/or file a motion pursuant to Code §§ 362 or 363.

| Creditor | Property Description | Collateral Value | Monthly Amount |
|---|---|---|---|
| **Capital One Auto Finance** | **2015 Nissan Altima 4700 miles Vehicle 4 door sedan, new condition** | $18,000.00 | $180.00 |

☐ **Nonstandard Provisions.** See Section (H)

   **(b)** *Mortgage Conduit Payments.*

   ■ **None.**

   The Trustee shall disburse Conduit Payments to a Real Property Creditor without regard to whether the Court has confirmed a Plan or the Real Property Creditor has filed a proof of claim. See Section (C)(4)(c) and Local Rule 2084-4.

   **(2)** *Administrative expenses.* Code § 507(a)(2).

   **(a)** *Attorney fees.* Debtor's attorney has agreed to:

   ■ A flat fee of $ **3,100.00** , of which $ **1,400.00** was paid before the filing of the case (See Local Rule 2084-3); **or**

   ☐ File a fee application for payment of a reasonable amount of fees. The estimated amount of fees to be paid by the Trustee, subject to Court order, is $____, of which $____ was paid before the filing of the case.

   **(b)** *Additional Services.* Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor:

(i) Before Confirmation:
  ☐ Adversary proceedings $.
  ☐ Lien Avoidance Actions $.
  ☐ Preparing and filing of any motion to sell property $.
  ☐ Other Flat Fees for $.

(ii) After Confirmation
  ☐ Preparing and filing of Modified Plan $.
  ☐ Responding to motion to dismiss and attendance at hearings $.
  ☐ Defending motion for relief from the automatic stay $.
  ☐ Adversary proceedings $.
  ☐ Lien Avoidance Actions $.
  ☐ Preparing and filing of any motion to sell property $.
  ☐ Other Flat Fees for $.

All other additional services will be billed at the rate of $ per hour for attorney time and $ per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include all time expended in the case in the separate fee application.

**(c)** *Other Professional Expenses*:

**(3)** *Leases and Unexpired Executory Contracts.*

■ **None.** *If "None" is checked, the rest of Section (C)(3) is not to be completed.*

Pursuant to Code § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with sums owing, the arrearage will be cured by periodic plan payments. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

**(a)** *Assumed.*

No interest will be paid on the prepetition arrearage unless otherwise stated in Nonstandard Provisions at Section (H). A creditor identified in this paragraph may mail to the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay.

| Creditor | Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|---|
| | | | |

☐ **Nonstandard Provisions.** See Section (H)

**(b)** *Rejected.*

| Creditor | Property Description |
|---|---|
| | |

☐ **Nonstandard Provisions.** See Section (H)

**(4)** *Creditors with a Security Interest in Real Property.*

☐ **None.** *If "None" is checked, the rest of Section (C)(4) is not to be completed.*

**(a)** *Claim Wholly Unsecured.* The Debtor considers any real property creditor listed below to have an unsecured claim under Code § 506(a) as senior liens are greater in amount than the value of the real property. Unless disallowed or otherwise ordered, each of the following shall be classified as a wholly unsecured claim under Section (C)(7) below. This provision shall not alter the status of a claim otherwise entitled to be classified as a priority under Code § 507(a)(8).

Local Form 2084-4 (12/17)
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Chapter 13 Plan

Page 3
Best Case Bankruptcy

Case 2:16-bk-08714-PS    Doc 38    Filed 12/17/18    Entered 12/19/18 23:03:25    Desc
Imaged Certificate of Notice    Page 6 of 10

| Creditor | Property Description | Value of Collateral | Total Amount of Liens with Greater Priority |
|---|---|---|---|
| -NONE- | | | |

**(b)** *No Pre-Petition Mortgage Arrears.* To the extent there are no pre-petition arrears, regular post-petition mortgage payments shall be paid directly by the Debtor to the secured creditor.

| Creditor | Property Address | Post-Petition Payments by Debtor | |
|---|---|---|---|
| Bank of America | 401K: Bank of America 401K | | $0.00 |
| Nationstar Mortgage | 5828 West Redfield Road Glendale, AZ 85306 Maricopa County Single Family Residence: | $1,042.00 | X$0.00XX |
| Ocwen Loan Servicing | 5828 West Redfield Road Glendale, AZ 85306 Maricopa County Single Family Residence: | $129.82 | X$0.00XX |

**(c)** *Curing of Default and Maintenance of Payments.* Prepetition arrearages, including fees and costs, as well as the regular post-petition payments shall be paid through the Plan by the Trustee. No interest will be paid on the prepetition arrearage unless otherwise stated in Nonstandard Provisions. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without violating the automatic stay.

| Creditor or Property Servicing Agent | Property Description | Current Monthly Payment | Estimated Arrearage Amount Owed | Arrearage Amount Owed Through | Interest Rate, if applicable (i.e., HOAs) |
|---|---|---|---|---|---|
| Nationstar Mortgage | 5828 West Redfield Road Glendale, AZ 85306 Maricopa County Single Family Residence: | X$0.00XX $1,042.00 | $1,032.13 | | 0.00% |
| Ocwen Loan Servicing | 5828 West Redfield Road Glendale, AZ 85306 Maricopa County Single Family Residence: | X$0.00XX $129.82 | $13,527.08 | | 0.00% |

☐ **Nonstandard Provisions**. See Section (H).

**(5)** *Claims Secured by Personal Property or a Combination of Real and Personal Property.*

☐ **None**. *If "None" is checked, the rest of Section (C)(5) is not to be completed*.

Claims under paragraphs (a) and (b) that are included in the plan payment will be paid concurrently and pro rata.

**(a)** *Unmodified Secured Claims*.

■ **None**. *If "None" is checked, the rest of Section (C)(5)(a) is not to be completed*.

A claim stated in this subparagraph (i.e. 910 claims) will be paid in full under the Plan with interest at the rate stated below, which may vary from the contract interest rate. Unless otherwise ordered, the principal amount to be paid will be as stated in the creditor's proof of claim. The holder of a claim will retain the lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under Code § 1328, at which time the lien will terminate and shall be released by the creditor. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under

Code § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with nonbankruptcy law.

| Creditor | Property Description | Estimated Amount to Be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|
|  |  |  |  |

☐ This debt has nonfiling codebtor(s) other than a spouse.
                Name(s) of other individual(s) liable: ____
                Post-petition payments to be made by: ☐ Trustee; or
                                          ☐ Nonfiling codebtor.
☐ **Nonstandard Provisions**. See Section (H).

**(b)** *Modified Secured Claims.*

☐ **None.** *If "None" is checked, the rest of Section (C)(5)(b) is not to be completed.*

Secured creditors listed below shall be paid the amount shown below as the Amount to Be Paid on Secured Claim, with such amount paid through the Plan payments. If the Plan proposes to pay a Secured Claim less than the amount asserted in the proof of claim, then the holder of the Secured Claim must file a timely objection to the Plan. If the principal amount of the creditor's proof of claim is less than the Amount to Be Paid on Secured Claim, then only the proof of claim amount will be paid. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan. The holder of a timely filed secured claim will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328, at which time the lien will terminate and shall be released by the creditor. Any proposed adequate protection payments are provided for in Section (C)(1)(a) above.

| Creditor and Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to Be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|---|
| **Capital One Auto Finance**<br>**2015 Nissan Altima 4700 miles**<br>**Vehicle 4 door sedan, new condition** | $23,113.00 | $18,000.00 | $23,113.00 | 4.00% |

☐ **Nonstandard Provisions**. See Section (H).

**(c)** **Lien Avoidance.**

■ **None.** *If "None" is checked, the rest of Section (C)(5)(c) is not to be completed.*

The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under Code § 522(b). Unless ordered otherwise, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Section (C)(7) to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See Code § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien. All information for the avoidance of the lien(s) must be provided.*

| Information regarding judicial lien or security interest | Information regarding calculation of lien avoidance and treatment of remaining secured claim |
|---|---|

**(6)** *Priority, Unsecured Claims, Other Than Debtor's Attorney Fees.*

☐ **None.** *If "None" is checked, the rest of Section (C)(6) is not to be completed.*

All allowed claims entitled to priority treatment under § 507 shall be paid in full, pro rata:

**(a)** *Unsecured Domestic Support Obligations.* The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date are to be cured in the plan payments. The amount to be paid will be

adjusted to the creditor's allowed claim amount, through the claim process. If the holder of a domestic support obligation disagrees with the treatment proposed in this Plan, the holder must file a timely objection.

| Creditor | Estimated Arrearage |
|---|---|
|  |  |

**(b)** Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| **Arizona Department of Revenue** | 11 U.S.C. 507(a)(8) | $0.00 |
| **Internal Revenue Service** | 11 U.S.C. 507(a)(8) | $0.00 |

☐ **Nonstandard Provisions**. See Section (H).

**(7)** *Nonpriority, Unsecured Claims.* Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments, if any, under the Plan. The amount to be paid or actually paid may differ from the Plan Analysis, depending on the Plan confirmation process and claims allowance.

☐ **Nonstandard Provisions.** See Section (H).

**(D) Surrendered Property.**

■ **None.** *If "None" is checked, the rest of Section (D) is not to be completed.*

Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive **no** distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Should the creditor fail to file an amended deficiency claim consistent with this provision, the Trustee need not make any distributions to that creditor.

| Entity | Brief Description of Property |
|---|---|
|  |  |

**(E) Vesting.** Except as stated in this paragraph, property of the estate shall vest in the Debtor upon confirmation of the Plan.

☐ The following property shall vest in the Debtor upon Plan completion:

| Brief Description of Property |
|---|
|  |

☐ **Nonstandard Provisions.** See Section (H).

**(F) Tax Returns.** While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within 14 days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except:

| Unfiled Tax Returns |
|---|
|  |

**(G) Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

**(H) Nonstandard Provisions.** Any Nonstandard Provision included herein must not be inconsistent with the Code or Local Rules and must identify the provision of the Plan being modified, the proposed modification and the justification for the modification. The Debtor submits the following provisions that vary from Section (C) of the Local Plan Form:

■ **None.** *If "None" is checked, the rest of Section (H) is not to be completed.*
☐ Provide the detail required above.

| Nonstandard Provisions |
|---|
|  |

|               |
|---------------|
| Nonstandard Provisions |
|               |

**(I)** **Plan Summary**. If there are discrepancies between the Plan and this Plan Analysis, the provisions of the confirmed Plan control.

| | | | |
|---|---|---|---:|
| (1) | Trustee's compensation (10% of Total plan payments to Trustee) | $ | **6,987.00** |
| (2) | Administrative Expenses (§(C)(2)) | $ | **3,100.00** |
| (3) | Leases and Executory Contracts (§(C)(3)) | $ | **0.00** |
| (4) | (a) Conduit Mortgage Payments (§ (C)(4)(c)) | $ | **0.00** |
| (4) | (b) Arrearage Claims Secured Solely by Real Property (§ (C)(4)(c)) | $ | **14,559.21** |
| (5) | (a) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Unmodified. | $ | **0.00** |
| (5) | (b) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Modified. | $ | **25,176.48** |
| (6) | Priority Unsecured Claims (§(C)(6)) | $ | **0.00** |
| (7) | Unsecured Nonpriority Claims (§ (c)(7)) | $ | **20,047.31** |
| (8) | Total of Plan Payments to Trustee | $ | **69,870.00** |

**(J)** **Section 1325 Analysis.**

(1) Best Interest of Creditors Test:

| | | | |
|---|---|---|---:|
| (a) | Value of Debtor's interest in nonexempt property | $ | **0.00** |
| (b) | Plus: Value of property recoverable under avoidance powers | $ | **0.00** |
| (c) | Less: Estimated Chapter 7 administrative expenses | $ | **0.00** |
| (d) | Less: Amount payable to unsecured, priority creditors | $ | **0.00** |
| (e) | Equals: Estimated amount payable to unsecured, nonpriority claims if Debtor filed Chapter 7 | $ | **0.00** |

(2) Section 1325(b) Analysis:

| | | | |
|---|---|---|---:|
| (a) | Monthly Disposable Income, Form B122C-2, (if less than $0, then state $0) | $ | **611.16** |
| (b) | Applicable Commitment Period | $ | **60** |
| (c) | Total of Line 2(a) amount x **60** | $ | **36,669.60** |
| (3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan | | $ | **20,047.31** |

**Certification by Debtor(s) and Attorney for Debtor(s): No changes were made to the Model Plan, other than the possible inclusion of relevant Nonstandard Provisions in Section (H).**

Dated: **December 13, 2018**

| | |
|---|---|
| **/s/ Joe A Delgado** | **/s/ Frances M Delgado** |
| **Joe A Delgado** | **Frances M Delgado** |
| Debtor | Debtor |

**/s/ Leonard V.Sominsky**
**Leonard V.Sominsky 20013**
Attorney for Debtor
**Leonard V. Sominsky, Esq. PC.**
**2700 N. 3rd Street, Suite 2006**
**Phoenix**
**Phoenix, AZ 85004**
**602-256-9800 Fax: 602-466-7438**
**INFO@LVSLAW.NET**